# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> MARTEL VALENCIA-CORTEZ, <br> Defendant. | Case No. 16CR0730-H <br><br> ORDER REGARDING MOTIONS IN LIMINE AND DEFENDANT'S LETTER |

On May 1, 2017, the Clerk's Office received a letter from Defendant Martel Valencia-Cortez ("Defendant") concerning this case. (Doc. No. 84.) The letter was address to Chief Judge Barry Ted Moskowitz. (Id.) On May 2, 2017, the Clerk's Office submitted the Defendant's letter to this Court to determine whether or not the letter should be filed despite the noted discrepancies. (Doc. No. 83.) The Court ordered the letter be filed nunc pro tunc to the date. (Id.)

Prior to the Court receiving the Defendant's letter, the Court held a motions in limine hearing on May 1, 2017. (Doc. No. 81.) At the motions in limine hearing, Assistant United States Attorneys Timothy D. Coughlin and Carlos Arguello appeared on behalf of the United States. Michael J. Messina appeared on behalf of the Defendant.[1]

---

[1] Mr. Messina is the Defendant's third appointed attorney. Prior to Mr. Messina's appointment, the Defendant was represented by Gregory T. Murphy of Federal Defenders and Ezekiel E. Cortez.

-1-

(Id.) The Defendant is charged in a multiple-count Superseding Indictment with assault on a federal officer in violation of Title 18, U.S.C. § 111(a)(1) and (b), bringing in aliens for financial gain in in violation of Title 8, U.S.C. § 1324(a)(2)(B)(ii), and attempted reentry of a removed alien in violation of Title 8, U.S.C. § 1326(a) and (b). (Doc. No. 68.) Prior to the motions in limine hearing, the Court granted the Government's motion to dismiss without prejudice counts 2, 3, 4, 5, 6, 9, and 10 of the Superseding Indictment and, in order to avoid potential prejudice to the Defendant, granted the Defendant's motion to sever count 12, charging the Defendant with attempted reentry of a removed alien. (Doc. No. 70.) The Government has moved to dismiss without prejudice the counts involving the October 21, 2015 incident and has elected to proceed to trial on certain counts involving the alleged November 15, 2015 incident.[2] (Id.) The jury trial was set to begin on May 2, 2017 on counts 1, 7, 8, and 11 of the Superseding Indictment.[3] (Id.) However, at the defense's request, the Court continued the jury trial to May 9, 2017, to allow defense counsel sufficient time to meet with the Defendant and further prepare for trial. (Doc. No. 81.)

In his letter, the Defendant, a Mexican citizen, contends that he was brought illegally to the United States by Mexican authorities to face criminal charges. (Doc. No. 84.) The Court addressed this issue at the May 1, 2017 motions in limine hearing. (See Government's motions in limine no. 5, Doc. No. 74 at 24 and Doc. No. 81.) The Defendant was arrested on or about March 10, 2016. (Doc. No. 11.) U.S. agents arrested the Defendant when Mexican authorities escorted him to the San Ysidro Port of Entry. (Doc. No. 80 at 5.)

The Government contends that on November 15, 2015, the Defendant re-entered the United States guiding a large group of undocumented aliens. (Doc. No. 80 at 5.) The

---

[2] The Government has moved to dismiss without prejudice the November 15, 2015 incident charged in counts 5, 6, 9 and 10 of the Superseding Indictment. (Doc. No. 70.) The trial will proceed with the November 15, 2015 incident charged in counts 1, 7, 8 and 11 of the Superseding Indictment.

[3] The parties stipulated that the counts being tried for the first trial would be re-numbered as counts 1, 2, 3, and 4 solely for trial purposes to avoid confusion for the Jury.

Government further contends that during the smuggling event, the Defendant threw a soft-ball sized rock from a distance of approximately 30 feet that hit an agent. (Id.) Additionally, the Government contends that the Defendant evaded apprehension for this incident when he ran back in Mexico. (Id.)

The Mexican authorities brought the Defendant to the San Ysidro Port of Entry to be arrested by U.S. agents on or about March 10, 2016. (Id.) The Defendant challenges the legality of these actions and the Government moved to exclude the post-incident evidence. Given the present state of the law and the time frame between the alleged incident charged in the Superseding Indictment and the date of the Defendant's arrest, the Court concluded that the circumstances of the Mexican authorities bringing the Defendant to the San Ysidro Port of Entry did not provide a defense to the charges absent further evidence of relevance and considerations under Fed. R. Evid. 403. See United States v. Alvarez-Machain, 504 U.S. 655 (1992). As a result, the Court granted the Government's motion in limine, absent further evidence of relevance. (Doc. No. 81.) Nonetheless, the Court reminded the Defendant that he had preserved his objections on the record.

Finally, the Court notes that this criminal case is not assigned to Chief Judge Moskowitz. See United States v. Heath, 103 F. Supp. 1, 2 (D. Haw. 1952) ("No express or implied power is granted a chief judge to affect administratively, directly or indirectly, litigation assigned to and pending before another judge of the court."); see also Dhalluin v. McKibben, 682 F. Supp. 1096, 1097 (D. Nev. 1988) ("The structure of the federal courts does not allow one judge of a district court to rule directly on the legality of another district judge's judicial acts or to deny another district judge his or her lawful jurisdiction.")

IT IS SO ORDERED.

DATED: May 4, 2017

HONORABLE MARILYN L. HUFF
UNITED STATES DISTRICT JUDGE